NO. SCPW-12-0000536

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

_____

THE ASSOCIATION OF APARTMENT OWNERS OF MOANA PACIFIC,
Petitioner,

vs.

THE HONORABLE RHONDA A. NISHIMURA, JUDGE OF THE FIRST CIRCUIT
COURT OF THE STATE OF HAWAI'I;  KC RAINBOW DEVELOPMENT CO., LLC,
a Hawaii limited liability company;  KCR DEVELOPMENT, INC., a
Delaware corporation;  EVERSHINE 1, LLC, a California limited
partnership;  HAWAIIAN DREDGING CONSTRUCTION COMPANY, INC., a
Hawaii corporation;  PERMASTEELISA NORTH AMERICA CORPORATION; a
Delaware corporation;  BEACHSIDE ROOFING, LLC, a Hawaii
corporation;  ALL POOL & SPA, INC., a Hawaii corporation;  DORVIN
D. LEIS CO., INC., a Hawaii corporation;  WASA ELECTRICAL
SERVICES, INC., a Hawaii corporation;  GROUP BUILDERS, INC., a
Hawaii corporation;  and UPONOR INC., aka UPONOR NORTH AMERICA,
fka WIRSBO, a Minnesota corporation,
Respondents.

_____

ORIGINAL PROCEEDING
(Civil No. 09-1-0922-04)

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, Acoba, and McKenna, JJ.
and Circuit Judge Castagnetti, assigned by reason of vacancy)

Upon consideration of petitioner Association of

Apartment Owners of Moana Pacific's petition for a writ of

mandamus and the papers in support, it appears that the

respondent judge had inherent power, pursuant to HRS § 603-

21.9(6), to prohibit petitioner from replacing the Moana Pacific

PEX water system until completion of the HRS Chapter 672E

process.  Prohibiting petitioner from replacing the PEX system until the HRS Chapter 672E process is complete was not a flagrant and manifest abuse of discretion.  Therefore, petitioner is not entitled to mandamus relief.  See Kema v. Gaddis, 91 Hawai'i 200, 204, 982 P.2d 334, 338 (1999) (A writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action.  Such writs are not intended to supersede the legal discretionary authority of the lower courts, nor are they intended to serve as legal remedies in lieu of normal appellate procedures.  Where a court has discretion to act, mandamus will not lie to interfere with or control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which it has a legal duty to act.).  Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of mandamus is denied.

DATED: Honolulu, Hawai'i, June 22, 2012.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Jeannette H. Castagnetti

2